UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISETTE CRUZ,<br><br>                    Plaintiff,<br><br>v.<br><br>NEW YORK CITY TRANSIT AUTHORITY and MANHATTAN AND BRONX SURFACE TRANSPORTATION AUTHORITY,<br><br>                    Defendants. | Case No. 23-CV-05272-JLR<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

**WHEREAS,** Plaintiff Lisette Cruz ("Plaintiff") and Defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (sued herein as Manhattan and Bronx Surface Transportation Authority) ("Defendants") are parties in the above-captioned action; and

**WHEREAS,** certain materials and information likely to be disclosed during the pendency of this action or as part of discovery contain personal and confidential information ("Confidential Materials"); and

**WHEREAS,** the parties wish to ensure that such confidential information shall not be used for any purpose other than in the above-captioned action and only as permitted by this Stipulated Confidentiality Agreement and Protective Order ("Order"); and

**WHEREAS,** each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs as well as to third parties and each of the parties represents

1

that it has no intention to use any confidential information obtained from the other for any purpose other than in the above-captioned action and any judicial review thereof; and

**WHEREAS**, this Court finds good cause to issue an order pursuant to Fed. R. Civ. P. 26(c); and,

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their respective counsel, as follows:

1. Pursuant to Fed. R. Evid. 502(d) and Civ. P. 26(c), the parties' production of any documents in this proceeding shall not, for purposes of this proceeding or any other proceeding in any other court, constitute a waiver by either party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product, or any other privilege or protection recognized by law.

2. Documents produced during discovery in this action that contain any Confidential Material shall be plainly stamped, marked, or otherwise designated "Confidential" on the face of the document. Testimony about or relating to any Confidential Material or the contents thereof shall be deemed confidential without further designation.

3. The Party or person producing or disclosing discovery material may designate as "Confidential" materials that it reasonably and in good faith believes contains:

   a. Material of a proprietary nature, including without limitation trade secrets, policies, business practices and procedures, business know-how, guidelines, and information and documents regarding the structure or operations of Defendants, its employees, faculty, venders, and/or contractors;

b.      Materials of a personal, intimate, or confidential nature, such as medical records, personnel documents, performance reviews, disciplinary records, internal complaints and investigations and reports summarizing the results of same, Social Security numbers, addresses, telephone numbers, and any other personal identifying information.

4.      In the case of deposition or other testimony, court conferences, or colloquies on the record between counsel and Judges, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or conference, or at the conclusion of each session of the deposition or conference, or in a writing provided by the designating party to the other party within thirty days of the designating party's receipt of a copy of the transcript. The parties agree, however, that until the thirty (30) day deadline for designating deposition testimony as Confidential Material has passed, the parties agree to treat the deposition testimony in its entirety as Confidential Material. Counsel for the parties may modify this procedure for any particular deposition or conference by agreement on the record at such deposition or conference, or in writing after the conclusion of the deposition or conference, without further Court Order.

5.      Either party may object to the designation of any documents as Confidential Material and the parties shall confer in good faith to attempt to resolve the objection. If the Parties are unable to resolve the objection, the dispute may be submitted to the Court. Notwithstanding the objection, such document(s) and the contents thereof shall be treated as Confidential Material pursuant to this Order until a contrary determination is made by written agreement of the parties or by order of the Court.

6.   As used in this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise, but shall not include testimony, argument, or use of documents at trial; however, any such testimony, argument or use of documents at trial shall be disclosed in a manner consistent with the provisions of Paragraph 7.d below.

7.   Confidential Material and the contents thereof may be copied and retained by the receiving party, and may be used by the party and the party's counsel solely for purposes of prosecuting or defending this action. Confidential Material shall not be disclosed or made known by the parties and/or their counsel to any other person, except the following:

a.   To the current or former directors, officers, and employees of Defendants to the extent necessary for the performance of their respective duties in connection with this action;

b.   To any in-house or outside attorneys of the parties, including necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

c.   To experts, consultants, insurance or claims representatives, nonparty witnesses or other persons retained or consulted by counsel in connection with this action provided they are informed of this agreement and agree to maintain confidentiality; and

d.   To the Judges and employees of this Court pursuant to the filing of a court

4

paper or in connection with a hearing, trial, motion, or request for court intervention in this action, provided that if any Confidential Material is disclosed in a court paper or at a hearing or trial the designating party shall have the right to request that the filing be filed under seal in accordance with the individual rules of The Honorable Jennifer L. Rochon and the Local Rules.

8. The authorized disclosures provided for in Paragraph 7 above shall be solely for the use and purposes of this action. Any person, party, or entity receiving any Confidential Material or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 7 herein above. Confidential Material and the contents thereof shall not be used for any business, commercial, competitive, or personal reason.

9. Disclosure of Confidential Material to the media or any other party not specifically authorized in Paragraph 7, by the direct or indirect actions of any party, is a violation of this Order.

10. Nothing contained in this Order shall prevent any party from disclosing its own Confidential Material or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information.

11. The inadvertent production of any confidential, privileged or attorney work-product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege

that may otherwise attach thereto nor a general waiver of such claim or privilege. The Parties agree to abide by Fed. R. Civ. P. 26(b)(5)(B) in the event privileged or protected information is inadvertently produced.

Upon demand of the producing Party, all copies of any inadvertently produced document shall be returned, sequestered, or destroyed promptly, and such documents may not be introduced into evidence, or otherwise used or disclosed, in this or any other proceeding without the consent of the producing Party, or as otherwise directed by the Court in any ruling.

12.  Upon the final termination of this action by judgment or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall either be returned to the producing party, destroyed, or otherwise remain solely in possession of counsel only, and those documents shall remain subject to this Order until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material.

13.  Counsel for the parties may retain their work product and all briefs, pleadings or other filings with the Court, which incorporate Confidential Material or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Order.

14.  Nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any

party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

15. The parties may seek modification of this Order at any time and prior to trial, for among other things, to expedite trial preparation and the presentation of evidence at trial. The foregoing is without prejudice to the right of any party to apply to the court to alter or amend the terms of this Order upon a showing of good cause. In the event that the Court concludes, upon motion of either party, that the designation of documents as "Confidential Material" is being abused, misused or used inappropriately by either party, the Court may review the use of the designation and allow disclosure or continue use of said designation, as the Court may decide within its sound discretion.16. This Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Order. Where convenient for the parties to do so, the signed signature pages may be electronic or facsimile transmissions.

|  |  |
|---|---|
| /s/ Locksley O. Wade | SO STIPULATED AND AGREED, |
| Dated: 12/15/2023 | /s/ Steve S. Efron |
| Law Office of Locksley O. Wade, LLC | Dated: 12/15/23 |
| 11 Broadway, Suite 615 | Steve S. Efron |
| New York, NY 10004 | 237 West 35th Street, Suite 1502 |
| Attorney for Plaintiff | New York, NY 10001 |
|  | Attorney for Defendants |

SO ORDERED,

Dated: December 15, 2023
New York, New York

/s/ Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISETTE CRUZ,<br><br>             Plaintiff,<br><br>    v.<br><br>NEW YORK CITY TRANSIT AUTHORITY and MANHATTAN AND BRONX SURFACE TRANSPORTATION AUTHORITY,<br><br>             Defendants. | Case No. 23-CV-05272-JLR<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____